## BENJAMIN F. STEVENS

### *v.*

## DAVID F. BROWN.

1. CONSTITUTION—*validity of Texas cattle law.* In this case the validity of the act of the 27th of February, 1867, which prohibits the importation and possession of Texas and Cherokee cattle in this State, was questioned, as being repugnant to the constitution: *Held*, as in the case of *Yeazel* v. *Alexander*, *ante*, that the law is valid.

2. NEW TRIAL—*verdict against the evidence.* The court will not disturb a judgment, simply because there may be doubts as to the sufficiency of the evidence to sustain the finding.

APPEAL from the Circuit Court of Champaign county; the Hon. A. J. GALLAGHER, Judge, presiding.

This was an action on the case, brought by David F. Brown, in the Circuit Court of Champaign county, against Thomas Stevens, Benjamin F. Stevens and Washington Beasley, to recover for an alleged injury from their Texas cattle. The declaration contained four counts, two under the statute and two at common law. Plea, not guilty. A trial was had by the court, by consent of the parties, without a jury. On the trial plaintiff dismissed the suit as to Thomas Stevens and Beasley. The court found the issues for plaintiff, and after overruling a motion for a new trial, rendered judgment in his favor for $355. From this judgment, defendant has appealed to this court.

Messrs. McKINLEY & TULLEYS, and Mr. E. L. SWEET, for the appellant.

Messrs. LANGLEY & WOLFE, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

This was an action on the case, for an alleged injury to native cattle, by Texas cattle, in possession of appellant.

The judgment was for appellee, in the circuit court.

19—58TH ILL.

The validity of the act of February 27th, 1867, prohibiting the importation and possession of Texas and Cherokee cattle, is disputed. This has been decided by this court. *Yeazel* v. *Alexander et al. ante*, p. 254.

The evidence sustains the judgment of the court below. Under the numerous rulings of this court, even if we had doubts as to the sufficiency of the proof, we should not disturb the finding.

The judgment must be affirmed.

*Judgment affirmed.*